1   TRINETTE G. KENT (State Bar No. 222020)
2   3219 E Camelback Rd, #588
    Phoenix, AZ 85018
3   Telephone:  (480) 247-9644
4   Facsimile:  (480) 717-4781
    E-mail: tkent@lemberglaw.com
5
6   Of Counsel to
    Lemberg Law, LLC
7   43 Danbury Road
8   Wilton, CT 06897
    Telephone:  (203) 653-2250
9   Facsimile:  (203) 653-3424
10
11  Attorneys for Plaintiff,
    Grace Jenkins
12

13
14                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
15                         RIVERSIDE DIVISION

16

17  Grace Jenkins,                        Case No.:

18                                        **COMPLAINT FOR DAMAGES**
                        Plaintiff,
19
20        vs.                             **FOR VIOLATIONS OF:**
                                            **1. THE FAIR DEBT COLLECTION**
21                                          **PRACTICES ACT**
    F & F Management; and Trans Union,       **2. THE FAIR CREDIT REPORTING**
22  LLC,                                     **ACT**
23
                        Defendants.
24                                        **JURY TRIAL DEMANDED**

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Grace Jenkins ( "Plaintiff"), by undersigned counsel, brings the following complaint against F & F Management and Trans Union, LLC (collectively "Defendants") and alleges as follows:

## JURISDICTION

1.      This action arises out of F & F Management's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff is an adult individual residing in Harvey, Louisiana, and is a "person" as defined by 47 U.S.C. § 153(39) and 15 U.S.C. § 1681a(b).

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C 1681a(c).

6.      Defendant, F & F Management ("F & F"), is a California business entity located in Murrieta, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and 15 U.S.C. § 1681a(b).

2

COMPLAINT FOR DAMAGES

7.      F & F uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.      Defendant, Trans Union, LLC ("Trans Union"), is an Illinois business entity located in Chicago, Illinois, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA.  Trans Union is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.      Within the last year, Plaintiff noticed that F & F was reporting an account on her Trans Union credit report.

10.     In May 2021, Plaintiff disputed the account with Defendants.

11.     Plaintiff submitted an additional dispute in June 2021.

12.     To date, the account is still listed on Plaintiff's Trans Union credit report, and the account is not listed as being disputed.

13.     Defendants' actions caused harm to Plaintiff's credit and financial wellbeing and caused Plaintiff to suffer further harm in the form of undue stress and anxiety.

COMPLAINT FOR DAMAGES

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
BY F & F**

14.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15.    F & F uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

16.    F & F attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

17.    Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    F & F engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19.    F & F misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

4

COMPLAINT FOR DAMAGES

20.   F & F communicated with a consumer-reporting agency and provided false credit information and/or failed to communicate that the alleged debt is disputed, in violation of 15 U.S.C. § 1692e(8).

21.   The foregoing acts and/or omissions of F & F constitute violations of the FDCPA, including every one of the above-cited provisions.

22.   Plaintiff was harmed and is entitled to damages as a result of F & F's violations.

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY F & F

23.   Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24.   F & F, in the regular course of its business, furnishes information to credit reporting agencies as specified in 15 U.S.C. § 1681s-2.

25.   After Trans Union informed F & F of Plaintiff's dispute, F & F negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

26.   F & F negligently failed to review all relevant information available to it and provided by Trans Union in conducting its investigation as required by 15 USC 1681s-2(b).  Specifically, F & F failed to direct Trans Union to remove the disputed tradeline.

5

COMPLAINT FOR DAMAGES

27. The disputed tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which F & F is reporting such tradeline.

28. As a direct and proximate cause of F & F's negligent failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

29. F & F is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

## COUNT III

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY F & F

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. After Trans Union informed F & F of Plaintiff's dispute, F & F willfully failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

32. F & F willfully failed to review all relevant information available to it and provided by Trans Union in conducting its investigation as required by 15 USC 1681s-2(b). Specifically, F & F failed to direct Trans Union to remove the disputed tradeline.

6

COMPLAINT FOR DAMAGES

33.     The disputed tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which F & F is reporting such tradeline.

34.     As a direct and proximate cause of F & F's willful failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

35.     F & F is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of F & F's violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' pursuant to 15 USC 1681n.

## COUNT IV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

36.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37.     Trans Union is a "consumer reporting agency" as the term is defined by 15 U.S.C. § 1681(a)(f).

38.     Trans Union is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681(a)(d), to third parties.

COMPLAINT FOR DAMAGES

39.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40.     Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41.     After receiving Plaintiff's consumer dispute to F & F's reported trade line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42.     As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

43.     Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

## COUNT V

## WILLFULL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

44.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

8

COMPLAINT FOR DAMAGES

45.     Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46.     After receiving Plaintiff's consumer dispute to F & F's reported trade line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47.     As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

48.     Trans Union is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of F & F's violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' pursuant to 15 USC 1681n.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant F & F for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), 15 U.S.C. § 1681o(a)(1) and 15 U.S.C. § 1681n(a)(1)(A);

B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and 15 U.S.C. § 1681n(a)(1)(A);

9

COMPLAINT FOR DAMAGES

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1681n(a)(3); and

D.  Such other and further relief as may be just and proper.

WHEREFORE, Plaintiff prays for judgment against Defendant Trans Union for:

A.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and 15 U.S.C. § 1681n(a)(1)(A);

B.  Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), and 15 U.S.C. § 1681n(a)(3); and

D.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 14, 2021                    TRINETTE G. KENT

By:   /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff,
Grace Jenkins

10

COMPLAINT FOR DAMAGES